

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. File No. CR 25-201 DWF |
| Plaintiff, ) | |
| ) | **INFORMATION** |
| v. ) | |
| ) | 18 U.S.C. § 1001 |
| MERL OWEN GROTEBOER, ) | |
| Defendant. ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

1.  At all times material to this Information, MERL OWEN GROTEBOER ("GROTEBOER" or "the defendant") was a resident of the State and District of Minnesota, a member of the board of directors at a federally-insured financial institution in Rochester, Minnesota, and also a licensed and experienced real estate agent.

2.  From sometime in 2020 to at least March 2022, the defendant had a personal friendship and business relationship with Matthew Thomas Onofrio ("Onofrio"). GROTEBOER was aware that Onofrio, during that time, was operating a program by which Onofrio located commercial properties and arranged for them to be purchased by third parties, at a profit to Onofrio. GROTEBOER was further aware that, in some cases, Onofrio located and purchased properties with the intent to hold the properties as an investment.



U.S. v. Merl Owen Groteboer

3. GROTEBOER and Onofrio spoke frequently about Onofrio's activities including about particular transactions. GROTEBOER gave Onofrio advice and assisted Onofrio during this time. In several transactions, GROTEBOER participated as a broker to help Onofrio locate and/or facilitate the sale of properties. GROTEBOER also participated in the approval of loans by the bank on whose board of directors he served.

4. GROTEBOER was aware that the purchases Onofrio arranged or took part in were all financed by financial institutions insured by the Federal Deposit Insurance Corporation or other applicable agency. Based on his personal experience, GROTEBOER knew that such entities are subject to state and federal regulations and laws and that any material misrepresentations to such entities in connection with a loan would be illegal.

5. During the course of their relationship, GROTEBOER learned that Onofrio's program was engaged in material misrepresentations and omissions of material fact in connection with loans from the financial institutions financing transactions. By August 2022, GROTEBOER was aware that Onofrio was being investigation by federal authorities.

6. On March 16, 2023, GROTEBOER participated in a voluntary interview by Federal Bureau of Investigation (FBI) personnel. This included a Special Agent and Forensic Accountant. GROTEBOER was aware that the FBI was investigating the circumstances and participants in Onofrio's

program and further knew that any false statement on a material matter in the interview would be a crime.

7. The investigation was a matter within the jurisdiction of the executive branch of the Government of the United States.

## Count 1
### (False Statements)

8. Paragraphs 1-7 are hereby re-alleged as if set forth fully herein.

9. On or about March 16, 2023, in the State and District of Minnesota, the defendant,

**MERL OWEN GROTEBOER,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, including the following statements to a special agent of the Federal Bureau of Investigation:

(1) GROTEBOER stated he was not aware that Onofrio entered into loans with investors to aid them in the purchase of properties or that these loans were not disclosed to the financial institutions lending to the investors;

(2) GROTEBOER stated he was not aware that Onofrio transferred funds to investors' accounts to permit the investors to represent to a financial institution that the investor had more money and therefore greater liquidity than they in fact had; and

(3) GROTEBOER stated he did not advise any investors how to answer questions from financial institutions about the source of funds in their accounts.

10. In truth and in fact, when he made these statements, GROTEBOER was aware that Onofrio had entered into undisclosed loans with investors to aid them in the purchase of properties, that Onofrio had transferred funds into investor accounts to represent greater liquidity than the investor actually had, and that GROTEBOER had advised at least one investor how to answer questions from a bank about the source of funds in the investor's account.

11. When he made these statements, GROTEBOER knew that they were material to an FBI investigation of potential federal crimes including, but not limited to, bank fraud.

12. All in violation of Title 18, United States Code, Section 1001.

Respectfully submitted,

LISA D. KIRKPATRICK
Acting United States Attorney

Dated: May 16, 2025

BY: *s/ Robert M. Lewis*
ROBERT M. LEWIS
Assistant U.S. Attorney
Attorney ID No. 249488